# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES H. MENDOZA, SR.** | **CIVIL ACTION** |
| VERSUS | NO. 17-5035 |
| **UNITED STATES OF AMERICA** | SECTION "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss for Failure to State a Claim (Doc. #7) is **GRANTED**.

## BACKGROUND

This matter is before the court on the United States of America's motion to dismiss plaintiff's claim against it for failure to state a claim upon which relief can be granted.

On September 19, 2016, plaintiff herein, James H. Mendoza, Sr., filed Civil Action No. 16-14790 in the United States District Court for the Eastern District of Louisiana alleging that the United States retaliated against him for filing a complaint about his treatment at a Department of Veterans' Affairs medical center.[1] Specifically, Mendoza alleged that he filed a complaint with Theresa Cruthids, a Patient Advocate, concerning Dr. Eleanor Daveron and Nurse Brandi Torres claiming that they gave Mendoza "false information concerning a medical report from the Pain Management Clinic in New Orleans, Louisiana." Within an hour of Mendoza's filing the complaint, Dr. Tanya D. Martin, who was not Mendoza's doctor, stopped a prescription refill that was in progress. Mendoza alleges that Drs. Daveron and Martin falsified his medical records in

---

[1] Mendoza named as defendants, Gina Hontiveros, R.N., Theresa Cruthirds, Dr. Eleanor Daveron, Dr. Tanya D. Martin, Brandi Torres, R.N., and the United States Department of Veterans Affairs. The United States filed a motion to dismiss Mendoza's claims against those defendants and substitute the United States as the proper defendant. This court granted the motion, and the United States was substituted as the proper defendant.

1

retaliation for his filing the original complaint, which caused him mental and physical pain. Mendoza "demand[ed] that his medical records be cleared of any false information" and sought $350,000 for mental and physical distress.

The United States filed a motion to dismiss Mendoza's claims arguing that this court lacked subject matter jurisdiction over Mendoza's claims for libel, slander and misrepresentation. The United States also argued that Mendoza did not state a claim for intentional infliction of emotional distress or a claim under the Privacy Act, 5 U.S.C. § 552a. In response, Mendoza stated facts in his medical records that he claimed were untrue and that he had a conversation with Cruthirds, who said that Torres caused many problems. The court granted the motion and dismissed Mendoza's claims. Mendoza's intentional infliction of emotional distress claim was dismissed without prejudice.

On May 18, 2017, Mendoza, acting *pro se,*[2] filed this Civil Action No. 17-5035 in the United States District Court for the Eastern District of Louisiana. In the current suit, he names the United States as the defendant and claims that employees at the Department of Veterans' Affairs medical center in Hammond, Louisiana intentionally inflicted emotional distress on him by various actions. First, he alleges that on July 28, 2015, nurse Brandi Torres embarrassed him "as though [he] was a drug addict trying to obtain medication that was not [his]" when she yelled at him "loudly in front of all the patients in the lobby" about having his Xanex pills counted by the pharmacist.

---

[2] Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

2

Next, Mendoza alleges that on July 28, 2015, he filed a complaint against Torres with Cruthirds, and that Cruthirds stated that Torres had a bad attitude. Mendoza claims that an affidavit Cruthirds executed in connection with his prior law suit was untruthful. Mendoza claims that he never discussed undergoing a drug test with Cruthirds, and that her stating that their conversation involved anything other than Torres's job performance was a false statement made to "knowingly, willingly and INTENTIONALLY hurt someone mentally [which] goes far beyond outrageous. It is cruel, disgusting and inhumane."

Mendoza also alleges that Dr. Tanya D. Martin intentionally caused him emotional distress on September 3, 2015, by including false statements in his medical records concerning his use of hydrocodone, following Dr. Sharma's instructions, and his family history. Mendoza seeks "$400,000 for the outrageous intentional emotional distress" that he endured "because of the lies and accusations made by the medical staff" at the Hammond clinic.

The United States filed the instant motion to dismiss Mendoza's complaint arguing that his intentional infliction of emotional distress claim is barred by the application of *res judicata*, or alternatively, that Mendoza failed to properly allege a claim for intentional infliction of emotional distress. Mendoza points out items that he believes were falsified in his medical records. Specifically, he states that Dr. Martin misrepresented the content of a telephone consultation "in retaliation" and "to cast as negativity on [his] dignity, integrity and lifestyle" and that Dr. Martin misrepresented statements Mendoza made about the amount of morphine he takes. Further, Mendoza claims that Cruthirds made false statements in her affidavit concerning the content of their conversation.

## ANALYSIS

**I.      Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

**II.      *Res Judicata***

The United States argues that Mendoza's intentional infliction of emotional distress claim is barred by *res judicata* because it was raised in his prior complaint and dismissed by this court.

"'[R]*es judicata* encompasses two separate but linked preclusive doctrines: (1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion.'" Houston Prof'l

Towing Ass'n v. City of Hous., 812 F.3d 443, 447 (5th Cir. 2016) (quoting Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 466-67 (5th Cir. 2013)). "True *res judicata* 'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit,' while collateral estoppel 'precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action.'" Id. (quotations and citations omitted). The United States argues that Mendoza's intentional infliction of emotional distress claim is barred by collateral estoppel or issue preclusion.

Collateral Estoppel or "issue preclusion" is a type of *res judicata* that bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008) (quoting New Hampshire v. Maine, 121 S.Ct 1808, 1814 (2001)). Collateral estoppel is intended to protect parties from multiple lawsuits, to avoid the possibility of inconsistent decisions, and to conserve judicial resources. Lytel v. Household Mfg., Inc., 110 S.Ct. 1331, 1337 (1990) (citing Montana v. United States, 99 S.Ct. 970, 973-74 (1979)). To establish collateral estoppel, a party must show "(1) that the issue at stake [is] identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action." Rabo Agrifinance, Inc. v. Terra XXI, Ltd., 583 F.3d 348, 353 (5th Cir. 2009) (citing Wehling v. CBS, 721 F.2d 506, 508 (5th Cir. 1983)). "The parties to the suits need not be completely identical, so long as the party against whom estoppel applies had the full and fair opportunity to litigate the issue in the previous lawsuit." Id. (citing Wehling, 721 F.2d at 508).

In both this case and Civil Action No. 16-14790, Mendoza alleges that the United States is liable for intentional infliction of emotional distress due to the actions of employees at the Department of Veterans Affairs medical center in Hammond, Louisiana. The intentional infliction of emotional distress claim was dismissed in Civil Action No. 16-14790 because Mendoza did not allege sufficient facts to state a claim. The United States Court of Appeals for the Fifth Circuit has recognized that a second action is not barred by a judgment in a prior action when the first complaint was dismissed because certain facts were not included and the second complaint includes those additional facts. Estevez v. Nabers, 219F.2d 321, 323 (5th Cir. 1955). Both complaints allege that Dr. Martin falsified Mendoza's medical records. However, the complaint in Civil Action No. 17-5035 adds allegations that Torres embarrassed Mendoza and Cruthirds made untrue statements in an affidavit. The current complaint also includes details regarding the medical records that Dr. Martin allegedly falsified. Because the current complaint seeks to add details that were lacking in the prior complaint, *res judicata* is inapplicable.

### III. Failure to Allege Intentional Infliction of Emotional Distress

The United States also argues that Mendoza did not sufficiently allege a claim for intentional infliction of emotional distress.

To recover for intentional infliction of emotional distress, a plaintiff must establish: (1) that the defendant's conduct was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and, (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be substantially certain to result from his conduct. White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991). Under Louisiana law, "extreme and outrageous conduct" is conduct that is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable

in a civilized community.'" Rice v. Reliaster Life Ins. Co., 770 F.3d 1122, 1137 (5th Cir. 2014) (quoting White v. Monsanto, 585 So.2d 1205, 1209 (La. 1991)).

Mendoza has not put forth any allegations that satisfy the elements of intentional infliction of emotional distress. He states that he was "outraged" by entries in his medical records, Cruthirds' statements in her affidavit, and Torres's behavior. However, there are no allegations that demonstrate extreme or outrageous conduct or that that medical personnel desired to inflict severe emotional distress or knew that severe emotional distress would be substantially certain to result from their allegedly false entries in Mendoza's medical records or in an affidavit. Further, Torres's alleged action of speaking loudly about Mendoza's prescription in front of other patients does not rise to the level of outrageous behavior that is utterly intolerable. Therefore, the United States' motion to dismiss Mendoza's infliction of emotional distress claims is GRANTED, and those claims are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss for Failure to State a Claim (Doc. #7) is **GRANTED**.

New Orleans, Louisiana, this __7th__ day of September, 2017.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**